UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

2018 JUL 16  AM 10: 33

PETER O...
CLERK US DIS...
WD OF W...

Titus Henderson,
ProPublica (Involuntary Pltf.)
    Plaintiffs,

W.D. Wis. __18-cv-555-jdp__

V,

COMPAS, Dean Steinsberg, Jared Hoy,
Lena Taylor, Frank Lasee, Cathy A. Jess,
Steve Landreman, Daniel Gabler, David
(Dave) Wells, Timothy Brennan, NorthPointe Inc.,
Cathy D./Caristine Frey
    Defendants.

## CIVIL RIGHTS COMPLAINT
## 42 U.S.C. § 1983 / 42 U.S.C. § 1981

## PARTIES

PLAINTIFFS: Titus Henderson
            Waupun Corr. Inst., P.O. Box 351
            200 S. Madison St,
            Waupun, WI 53963

            ProPublica
            Address Unknown

LEGAL 299317

DEFENDANTS: Jared Hoy, Steve Landreman/Landrum, Cathy A. Jess, Daniel Gabler, Dean Steinsberg

Timothy Brennan, David Wells, Northpointe Inc.
✱ Address Unknown

Christine/Catherine Frey
Racine Corr. Inst.
2019 Wisconsin St.
Sturtevant, WI 53177

Wis. Parole Bd.
3099 E. Washington Ave.
Madison, WI 53707

Sen. Lena Taylor
Sen. Frank Lasee
Wis. Judicial/Corr. Comm.
P.O. Box 7882
Wis. State Capitol
Madison, WI 53707

"All Defendants Are Sued In Their Official And Personal Capacity."

## JURISDICTION/VENUE

United States District Court, Western District of Wisconsin is the proper venue for this civil action purs. 42 U.S.C. § 1981 and § 1983; and has personal + subject-matter jurisdiction purs. 28 U.S.C. § 1331 and § 1332, and 28 U.S.C. § 1367.

✱ Plaintiff Henderson has exhausted all available administrative remedies.

II

# STATEMENT OF CLAIMS

## I.) FAILURE TO PROVIDE PAROLE HEARING DENY DUE PROCESS, AND EQUAL PROTECTION FOR RACIAL/GENDER DISPARITY.

1.) In 1989, defendants Timothy Brennan (Statistics Prof.) and David (Dave) Wells founded Northpoint Inc. which created "Correctional Offender Management Profiling for Alternative Sanctions" (COMPAS).

2.) COMPAS is a bias risk assessment tool based on quantitative taxonomy "the measurement of personality traits such as intelligence, extroversion, introversion, etc.

3.) During a 2012 presentation by defendant Jared Hoy for Wis. Dept. of Corr. Stated that Wisconsin use the gender and racially bias COMPAS as a "giant correctional pinball machine" which Wis. Parole Board use to give African-American inmates a "secret" high score of recidivism to be denied Grant of Parole.

4.) Defendants Brennan, Wells, and Northpoint Inc. knew that the COMPAS system is gender and racially bias against African-American prisoners; instead of correcting COMPAS to prevent gender and racial discrimination, decided to accept money for use of COMPAS by Wis. Parole Board, regardless of discrimination against Plaintiff Henderson.

1

**LEGAL 299317**

5.) Defendants Dean Steinsberg, Daniel Gabler, Wis. Parole Bd. use of COMPAS in secret parole hearings violate Plaintiff Henderson's Due Process Rights to DENY grant of Parole because:

A.) The proprietary nature of COMPAS is invoked to prevent disclosure of (secret) information related to how factors are weighed or how risk scores are determined,

B.) COMPAS risk assessment scores are based on group data, they are able to identify groups of high-risk offenders, not a particular high-risk individual,

C.) Federal/State/Expert studies prove COMPAS risk assessment scores disproportionately and racially classify African-American inmates as Plaintiff Henderson as having a higher risk of recidivism than White inmates,

D.) COMPAS risk assessment compare Plaintiff Henderson to a national sample, but no cross-validation study for Wisconsin Inmates has been completed,

E.) Wis. Parole Bd. do not constantly monitor + re-norm COMPAS for accuracy due to Wisconsins changing populations and subpopulations when at Parole Hearings.

6.) Defendants Steinsberg, Gabler, Wis. Parole Bd. refusal to pay defendants Brennan, Wells, Northpoint Inc. for constant upgrade of COMPAS for determining Parole release; COMPAS label African-American inmates high-risk for recidivism 90% of the time incorrectly based on gender and racial discrimination to be

LEGAL 299317

2

6. cont'd) denied Parole release; which exposure to mislabel offenders lead to negative influences from true higher-risk offenders and detrimental to the "individuals" efforts at rehabilitation.

7.) Defendants C. Frey, C. Jess, Steinsberg, et al. require illiterate prison guards to use COMPAS to write "Secret" negative comments about African-Americans inmates without their knowledge to assign rehabilitation needs for Parole.

8.) Since Jan. 1, 2011, Defendants Hoy, Jess, Steinsberg, et al. has known that COMPAS can "NOT" specifically predict whether an inmate as Plaintiff Henderson would commit a crime after Parole release, which defendants Steinsberg, Gabler, et al. falsely claimed COMPAS can do/predict, as reason to deny parole.

9.) Approx Jan. 12, 2011-to-June 1, 2012, defendants Steinsberg, Jess, et al. had knowledge by Dr. Thompson that COMPAS would over estimate Plaintiff Henderson's risk-level as the determinative factor to deny Parole.

10.) Defendants Steinsberg, Gabler, Jess, et al. allowing prison guards to fudge Plaintiff Henderson's prison files by false Secret negative comments not given notice to Plaintiff Henderson of/at Parole Hearing, and secret creation of COMPAS risk level, deny Plaintiff Henderson's due process right to challenge false files at Parole Hearing.



LEGAL 299317

11.) By defendants Steinsberg, Jess, Wis. Parole Bd. using COMPAS as a "determinative" factor to Grant or Deny Parole release based on secret information to create high-risk level for Plaintiff Henderson before a Parole Hearing; any opened/secret predetermination to deny Parole, violate due process. see Cecelia Klingele, "The Promises and Perils of Evidence-Based Corrections". 91 Notre Dame L. Rev. 537, 576 (2015)

12.) Because Plaintiff Henderson had no opportunity to deny nor explain the basis of information which COMPAS use to label high-risk; defendants Steinsberg, Jess, et al. "rubber-stamp" COMPAS decision to deny parole.

13.) Wis. Stats. § 304.01-.07 given Wis. Parole Bd. and Defendants Steinsberg, Gabler, et al. absolute discretion to have secret closed Parole Hearings to the public, any inaccuracies of information in COMPAS has a significant affect on Plaintiff Henderson's Grant/Denial of Parole.

14.) Defendants Steinsberg, Gabler, et al. denying access to incorrect information in Parole files and not being able to view high-risk scores by COMPAS, violate the essential factor of due process, ie, a procedure conducive to base sentencing + Parole on correct information.

15.) Nov. 2015 - to - Jan. 1, 2016, defendants Steinsberg, et al. denied Plaintiff Henderson Parole based on a trade secret and proprietary tool as COMPAS.

LEGAL 299317

16.) Wis. PAC 1.01-to-1.10 et seq. guarantee defendants Steinsberg, Gabler, Wis. Parole Bd. must give Plaintiff Henderson an individualize Parole Hearing.

17.) October 23, 2015, defendant C. Frey informed Plaintiff Henderson stating, "You're under PMR new law, so I have to give you a DOC-1280 because you was convicted in July 1995. You have to sign this PMR Notice before I give you the Pre-Release Parole Plan Package for PMR, which they'll not review when COMPAS has already pre-determined to deny you parole."

18.) Plaintiff Henderson told defendant C. Frey, "I'm not a PMR inmate, but I do want my DOC-1280, Parole Plan, and my Interstate Compact Forms to transfer Parole to Mississippi."

19.) Defendant C. Frey said, "You're an inmate, you don't tell me how to do my job. If you want an Interstate Compact you (Henderson) have to enter a contract with Wis. Parole Bd. to pay $150.00 before COMPAS approve your release."

20.) Plaintiff Henderson asked defendant C. Frey, "Why do I have to enter a contract to pay Wis. Parole Bd. $150 for Parole Release to Mississippi, when other inmates before 2016 "Old Law" did not have to pay money before being released on Parole?"



21.) Defendant C. Frey said, "The New Interstate Compact" Contract fee apply to "Old" Law inmates like you retroactively because you have a chance for COMPAS to approve your release."

22.) Wisconsin Legislature enacted Wis. Stat. §302.11-§302.30 Interstate Compact to pay for Parole Inmates release under "Old" Law and "New" Law to force Plaintiff Henderson to pay $150.00 retroactively; §304.16.

23.) Plaintiff Henderson's crime was committed Jan. 16, 1994, wrote Wis. Senators Lena Taylor and Frank Lassee asking "Why do $150 fee Interstate Compact retroactively apply to crimes committed before 2016?"

24.) On April 8, 2016, Sen. Lena Taylor sent letter stating $150 fee apply to Wisconsin inmates.

25.) On approx. Feb. 18, 2017, I received a letter on behalf of Senator Frank Lasee stating that Wis. Parole Bd. changed the law Wis. Stat. §304.06 to force inmates do two-thirds of their sentence.

26.) Since Jan. 1, 1999 - to present, defendants Gabler, Jess, Steinsberg, Wis. Parole Bd. has denied African-American inmates as Plaintiff Henderson Parole Release enforcing 2/3 sentence not applied to similarly situated "White" inmates as Jonathan Krueger, Roger Vanderlogt who are not forced to do 2/3 of their sentence.

27.) Defendants C. Frey, Steinsberg never gave Plaintiff Henderson a DOC-745 form, Pre Parole Release Plan, nor assisting in Parole Release before/after hearing.

28.) November 18, 2015, defendant Landreman held Parole Hearing with predetermine COMPAS decision deny Parole.

29.) Defendant Landreman said, "I'll give you a 24 month Defer (Denial) considering recent battery to staff".

30.) Defendant Landreman stated, "SW Frey wrote you refused to sign your Parole Notice of PMR to get your Parole Plan; but you still can not be paroled because you didn't pay the $150 fee for Interstate Compact Review."

31.) WSPF-2015-22696 ICRS Reporter said defendant Landreman was lying that defendant C. Frey denied Plaintiff Henderson's DOC-1280/Parole Plan for refusal to sign.

32.) Defendant C. Frey did bragg to a RCI Psychologist "I hate demanding niggers. That's why I didn't do Henderson's Parole Plan, he's to dam demanding".

33.) November 18, 2015, defendent Landreman/Landrum said the 24 month Defer is a final decision.

34.) Approx. Nov. 26 -to- Dec. 10, 2015, defendant Steinsberg said he didn't like defendant Landrum decision of 24 month Defer because he promised WSPF guards a "harsher" defer as revenge for staff battery.

7

**LEGAL 299317**

35.) As retaliation/revenge for WSPF Staff that tortured Plaintiff Henderson; defendant Steinsberg added 36 month Defer, passing Mandatory Releases Date purs, Wis, Stat, § 302.11.

36.) Defendants Landrum, Steinsberg, Gabler, et al, states that denial of Parole is predetermined by COMPAS; that's why no Parole Release Plan is reviewed.

37.) Defendants Jess, et al, files show that Wis, Parole Bd. never had personal jurisdiction of Plaintiff Titus Henderson by failing to comply with Wis, Stat, § 302.06.

38.) Wis. Stats. § 304.16/302.25 Interstate Compact Fee of $150.00 was not effective until Jan. 1, 2016.

39.) Dec. 2007, California Dept. of Corr, found that COMPAS cannot definitively assess criminogenic needs nor recidivism risk for an individuals as Plaintiff Henderson, contrary to statements of defendants Steinsberg, Gabler, Hoy, et al..
Julia Angwin, et al., ProPublica, Machine Bias (May 23, 2016) https://www.propublica.org/article/machine-biasrisk-assessments-in-criminal-sentencing.

Jennifer L. Skeem, Jennifer Eno Loudon, "Report Prepared for the California Dept. of Corr., Assessment of Evidence On the Quality of the Correctional Offender Management

LEGAL 299317   8

39. cont'd) Profiling For Alternative Sanctions (COMPAS) at 5 (2007) http://www.cdcr.ca.gov/adult_research_branch/Research_Documents/COMPAS_Skeem_EnoLouden_Dec_2007.pdf.

40.) Defendants Brennan, Wells, Northpoint Inc., Steinsberg, Hoy, Gabler, Jess, et al. knew that COMPAS programming racially discriminated against African-American inmates in Wisconsin 90% of the time to be labeled high-risk more than White inmate who commit violent crimes.

41.) COMPAS is more favorable and predictive of recidivism for White inmates than Black inmates, due to factor outside Black inmates control. See Cecelia Klingele, The Promises And Perils of Evidence-Based Correction. 91 Notre Dame L. Rev. 537, 577 (2015)

42.) Defendants Hoy, Gabler, Steinsberg, Wis. Parole Bd. Know that COMPAS is 90% more likely to find that Plaintiff Henderson and other Black inmates were "incorrectly" judge to be a higher risk of recidivism than White inmates in Wisconsin; and White inmates with a violent history was more likely granted Parole Release because COMPAS incorrectly judged White Inmates low-risk recidivism. Tracy L. Fass, et al. "The LSI-R and the Compas: Validation Data on Two Risk-Needs Tools," 35 Crim. Justice + Behavior 1095, 1100-01 (2008)

9

LEGAL 299317

43.) Wis. Stats. §304.06, PAC 1.01-1.09 mandate that Plaintiff Henderson will receive a "Secret" "individualized Parole Hearing by defendants Gabler, et al..

44.) Plaintiff Henderson's Due Process rights are violated by defendants Brennan, et al. racially bias COMPAS machine that deny/grant Parole based racial group data. See Jeff Larson, et al. ProPublica, "How We Analyzed the COMPAS Recidivism Algorithm (May 23, 2016) https://www.propublica.org/article/how-we-analyzed-the-compas-recidivism-algorithm.

45.) Approx. 2015, Defendants Brennan, Wells, Northpointe Inc. contradicted Defendants Hoy, Gablers, et al. statement quoting "Risk assessment is about predicting group behavior...it is not about prediction at an individual level." See Northpointe Inc., "Practioner's Guide to COMPAS Core, note 14, at 14 (Mar. 19, 2015) http://www.northpointeinc.com/files/technical_documents/Practitioners-Guide-COMPAS-Core_031915.pdf.

46.) Wis. Stats. §227.01-to-.47 mandate Legislators and Committee be added as defendants/respondents in civil actions challenges to Wis. Law on constitutional grounds; U.S. Dist. Court is required to accept supplemental jurisdiction over Senators Lena Taylor and Frank Lasee as defendants in this action.

LEGAL 299517    10

47

47.) Purs. Wis. Stats. § 227.15-.19, defendants Taylor, Lasee, Jess, Hoy, Steinsberg, Gabler, proposed, promulgated, and illegally enacted ex post facto Law/Rules to force Plaintiff Henderson to complete two-thirds (2/3) of a forty (40) year sentence contrary to state law, Wis. Stat. § 302.11 requiring for one-fourth ¼; and enacting $150 contract fee on Interstate Compact applied retroactively to "Old Law" inmates as Plaintiff Henderson that was not in existence in 1994 crime, and treat Plaintiff Henderson differently from similarly situated White inmates in same general status.

48.) Defendants Taylor, Lasee, Hoy, Steinsberg, Gabler, Jess, et al. intentionally targeted and used "2/3 Rule" and $150 contract fee for Interstate Compact to deny Plaintiff Henderson right to a fair hearing based on criteria set forth in law before April, 1994.

49.) Wisconsin Legislature waived its right to immunity when a State Law / State Agency Rule is being challenged as unconstitutional, Coyne v. Walker, 2015 WI App. 21, 361 Wis. 2d 225, 862 N.W. 2d 606, Johnson v. Berge, 260 Wis. 2d 758, 659 N.W. 2d 418 (Ct. App. 2003)

LEGAL 299317

11

# CAUSE OF ACTION

50.) Whether the omission, failure to act, or Intentional actions of defendants Gabler, Steinsberg, Jess, Wells, Landreman, C. Frey, Wis. Parole Bd., Northpointe Inc., Sen. Taylor, Sen. Lasee, Brennan, Hoy, acting under color of state law, intentionally by commission or omission violate Plaintiff Henderson's procedural and substantive due process by holding secret/closed to the public decisions by a COMPAS machine that "predetermine" Plaintiff Henderson be denied grant of Parole Release based on "racial gender/group data", deny right to an "individualized" Parole Hearing based on trade secret and incorrect/false information in prison COMPAS files, denied right to review and correct false racial bias documents created secretly by a machine to deny Parole Release, was and continue to be done with deliberate indifference to deny finality in prior "favorable" Parole Decisions on an individual basis mandated by law Wis. Stats. § 302.11, § 304.06, and PAC 1.01-1.08; constituted a violation of Fourteenth 14th Amend. U.S. Const. Due Process Clause and 42 U.S.C. § 2000 because Wis. Parole Board receive federal funding.

12

LEGAL 299317

51.) Whether the omissions, failure to act, and intentional actions of defendants Gabler, Steinsberg, Jess, Wells, Landreman, C. Frey, Wis. Parole Bd., Northpointe Inc., Sen. Taylor, Sen. Lasee, Brennan, Hoy, acting under color of state law, intentionally by commission or omission violated Plaintiff Henderson's equal protection rights by intentional discrimination and racial bias targeting African-American inmates to be denied Parole Release based on COMPAS risk assessment tool that create a score that label incorrectly African-Americans as Plaintiff Henderson "high-risk level" score for recidivism to commit violent crimes, whereas White inmates receive favorable low-risk level scores that are exactly/similarly situated as Black inmates, to be granted Parole Release based on racial bias and disparities; was done and continue to be done with deliberate indifference and intent to discriminate based on race to deny Parole Release, constituted Equal Protection violation of Fourteenth 14th Amend. U.S. Const., 42 U.S.C.§ 2000/42 U.S.C.§ 1981.

52.) Whether omissions, failure to intervene, and intentional actions of defendants Gabler, Steinsberg, Jess, Wells, Landreman, C. Frey, Wis. Parole Bd., Hoy, Sen. Taylor, Sen. Lasee, Brennan, etal. acting under color of state law, by commission or omission violated Plaintiff Henderson's rights by imposing

13

LEGAL 299317

52 cont'd) "New Law" that African-American inmates as Plaintiff Henderson must pay a fee of $150 for Interstate Compact Contract to obtain Parole Release, and forcing "Old Law" inmates to do/complete two-thirds (2/3) of their total sentence, contrary to state law that require 1/4 twenty-five percent to be eligible for Parole Release at time commission of the crime, was and continue to be done with deliberate indifference to retroactively apply "New Law" 2016 to "Old Law" 1994 Sentences, constituted violation of Ex Post Facto Clause / Equal Protection of Fourteenth 14th and Fifth 5th Amend. U.S. Const. because "New Laws" was retroactive to "Old Law" Sentences.

LEGAL 299317    14

# RELIEF REQUESTED

Plaintiffs Titus Henderson, et al. request the Court to GRANT the following relief:

) Issue Declaratory Judgment that the actions of Defendants Gabler, Hoy, Brennan, Steinsberg, et al. racial bias/discrimination and Ex Post Facto rules violated Fourteenth 14th Amend. U.S. Const.

) Issue Compensatory Damages against all defendants Steinsberg, Hoy, Brennan, Northpointe Inc., et al..

) Issue Punitive Damages against all defendants Steinsberg, Hoy, Brennan, Northpointe Inc., et al..

) Issue Treble Damages against all defendants.

) Plaintiff request Jury Trial, costs, and Attorney Fees.

Dated:
July 11, 2018.

Submitted By:

Titus Henderson
Waupun Corr. Inst.
P.O. Box 351
Waupun, WI
53963

15

LEGAL 299317