IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| TITUS HENDERSON, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-00555-JDP |
| | § | |
| DEAN STEINSBERG, ET AL., | § | |
| | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF NORTHPOINTE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Defendants Northpointe, Inc., David Wells, Timothy Brennan, (the "Northpointe Defendants") respectfully submit this Brief in Support of their Motion for Summary Judgment, which is filed herewith, as follows:

### I.  INTRODUCTION

Plaintiff Titus Henderson is a *pro se* prisoner incarcerated at Green Bay Correctional Institution. He asserts a single equal protection claim arising under 42 U.S.C. § 1983 against the Northpointe Defendants, asserting that they purportedly acted under color of state law by providing the Wisconsin Department of Corrections ("Department") with racially-biased software (known as "COMPAS") that was allegedly used to deny Plaintiff's parole request in 2015. The undisputed evidence shows that COMPAS was not used in connection with Henderson's parole proceedings. Even if it had been, the risk-assessment report generated by COMPAS did not reflect any grounds to deny Plaintiff's parole. Moreover, the Northpointe Defendants are private actors that are not subject to liability under Section 1983. The undisputed facts demonstrate that the Northpointe Defendants are entitled to summary judgment on Plaintiff's claims.

## II. FACTS

For purposes of this brief, the Northpointe Defendants contend that the facts set forth in their Proposed Findings of Fact (filed herewith) are undisputed and are full and complete material facts necessary in reaching a decision on the Northpointe Defendants' Motion for Summary Judgment.[1]

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard for Summary Judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party bears the initial burden of demonstrating the basis for why it is entitled to summary judgment. *Celotex*, 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. *Id.*; *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The nonmoving party cannot rest upon the mere allegations or denials in their pleading and instead must set forth specific facts to showing that there is a genuine issue for trial. *Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248; also citing *Celotex*, 477 U.S. at 324).

---

[1] References herein to the Northpointe Defendants' Proposed Findings of Fact are abbreviated as "NDFOF." References to certain allegations in Plaintiff's Civil Rights Complaint (ECF #1) will be cited herein as "Complaint" or "Compl.," and references to certain allegations in Plaintiff's Supplemental Pleadings (ECF #28) will be referred to herein as "Supplement" or "Supp. Pldgs."

In analyzing whether a question of fact exists, the courts construe the evidence in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 242. The mere existence of some factual dispute does not defeat a summary judgment motion. Rather, there must be a genuine issue of material fact for the case to survive. *Id*. at 247-48. "Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248; *see also Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury, would actually support a verdict in the non-movant's favor. *Anderson*, 477 U.S. at 249. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If it is clear that a nonmoving party will be unable to satisfy the legal requirement necessary to establish his case, summary judgment is not only appropriate, but mandated. *Celotex*, 477 U.S. at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323.

**B.** **<u>Legal Standard for Equal Protection Claims Under 42 U.S.C. § 1983.</u>**

Plaintiff asserts a single equal protection claim against the Northpointe Defendants arising under 42 U.S.C. § 1983. To state a claim for relief under Section 1983, a plaintiff must prove (1) that the conduct complained of was committed by a person acting under color of state law; (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and (3) that the defendants' acts were the proximate cause of the injuries and damages sustained by the plaintiff. *Anderson v. Univ. of Wisc.*, 665 F. Supp. 1372, 1392–93 (W.D. Wis. 1987), *aff'd,* 841 F.2d 737 (7th Cir. 1988). To act under color of state law, a

defendant "must have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Akins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The first element ordinarily precludes private citizens or corporations from liability under Section 1983. It is only "if a private citizen conspires with a state actor, then the private citizen is subject to Section 1983 liability." *Brokaw v. Mercer County,* 235 F.3d 1000, 1016 (7th Cir. 2000). "To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Reynolds v. Jamison,* 488 F.3d 756, 764 (7th Cir. 2007) (internal citations omitted); *see also Stagman v. Ryan,* 176 F.3d 986, 1003 (7th Cir.1999) ("We have held that to establish joint action, a plaintiff must demonstrate that the public and private actors shared a common, unconstitutional goal.").

### C. **Plaintiff's Purported Harm Was Not Proximately Caused by the Northpointe Defendants.**

Plaintiff's Complaint and Supplemental Pleadings refer to a COMPAS risk assessment score report that was purportedly used by Wisconsin prison officials to deny his parole in 2015. *See* Compl., ¶¶ 2, 5, 10-12, 14-15; Suppl. Pldgs., ¶¶ 2, 5, 12. The gravamen of Plaintiff's claims against the Northpointe Defendants is that by providing Wisconsin prison officials with access to and use of the COMPAS software that created the risk report, these Defendants acted under color of state law and can therefore be liable under 42 U.S.C. § 1983. Compl., ¶ 51. These allegations are baseless.

In Wisconsin, prisoner parole proceedings are conducted by the Wisconsin Parole Commission (the "Commission"). (NDFOF, ¶¶ 4-5). The Commission maintains and utilizes

4

criteria for evaluating a prisoner's eligibility for parole. (*Id.*, ¶ 5). None of those criteria include COMPAS test results. (*Id.*).

Plaintiff was the subject of a Parole Commission Action taken on November 18, 2015 (the "Action"). (*Id.*, ¶ 6). The purpose of the Action was for the Commission to determine whether Henderson qualified for parole based on the applicable criteria. (*Id.*, ¶ 7). On that date, the Commission determined that Henderson was not eligible for parole. (*Id.*, ¶ 8).

As explained by Commission member Steven Landreman, the Commission did not utilize or rely on any kind of COMPAS report when it considered Plaintiff's parole eligibility. (*Id.*, ¶ 22). Instead, the Commission's action was based on determinations that: Plaintiff had not served sufficient time for his punishment; his institutional conduct was not satisfactory; his program participation was not satisfactory; and though he had developed an adequate plan, it was subject to further verification. (*Id.*, ¶ 10). The Commission further concluded that Henderson's release would involve an unreasonable risk to the public. (*Id.*).

The Commission memorialized the bases of the Action in a written report (the "Action Report"). (*Id.*, ¶ 9). COMPAS is not referred to therein. *Id.*

There is simply no nexus or connection between the Action and COMPAS. On August 1, 2014, Henderson was the subject of a COMPAS risk assessment conducted by the Department. (*Id.*, ¶ 19). A report from that assessment was generated (the "COMPAS Report"). (*Id.*). The COMPAS Report was the most recent report created by the Department for Plaintiff prior to the Action. (*Id.*, ¶ 20).

The COMPAS Report reflects Overall Risk Potential scores for Plaintiff. (*Id.*, ¶ 21). Henderson's Violent Recidivism Risk score was "Low" (1 out of 10), as was his General Recidivism Risk score. (*Id.*). Thus, even if the Commission had incorporated the COMPAS Report

into its analysis, there is nothing in it that reflects Plaintiff's risk rating was inflated as a result of racial bias.

Simply put, because Plaintiff's parole denial was not based on the COMPAS Report, Plaintiff was not harmed by COMPAS or the Northpointe Defendants. Proximate causation is a required element for a Section 1983 claim. *See Anderson*, 665 F. Supp., at 1392-93. Because Plaintiff cannot demonstrate that the Northpointe Defendants' proximately caused his purported harm, his claims are fatally defective and should be dismissed as a matter of law.

D. **Plaintiff's Claims Against Individual Defendants Brennan and Wells Are Groundless.**

Plaintiff's claims against Brennan and Wells suffer from additional defects that warrant dismissal for additional and independent reasons. In his Supplemental Pleadings, Plaintiff alleges that Brennan and Wells are independently liable under Section 1983 because they entered into "business contracts" with the Department that allowed COMPAS to be used for parole hearings. (Suppl. Pldgs, ¶ 6). This allegation, too, is baseless.

Northpointe, Inc. and the Department are the only two parties to any such agreement. (NDFOF, ¶¶ 13-14). Brennan and Wells have never been parties to any kind of contract with the Department that concerns or relates to COMPAS. (*Id.*, ¶¶ 17-18). Plaintiff's allegation appears to be based on nothing more than rank speculation.

Brennan and Wells never engaged in any conduct that could support a finding that they ever acted under color of state law with respect to Plaintiff. They are not Commission members or Department employees. (*Id.*, ¶¶ 23, 25, 28). They did not participate in the Action or any other proceeding involving Plaintiff's parole eligibility. (*Id.*, ¶¶ 24, 27, 30). Neither Brennan nor Wells ever communicated with any employee or representative of the Department or the Commission about Plaintiff. (*Id.*, ¶¶ 26, 29).

Brennan and Wells are private citizens. As such, they can only be liable under Section 1983 if the evidence demonstrates that they "conspire[d] with a state actor" to cause Plaintiff's harm. *Brokaw,* 235 F.3d 1016. No such evidence exists or has ever existed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants Northpointe, Inc., Timothy Brennan, and David Wells respectfully request that the Court grant their Motion for Summary Judgment, dismiss Plaintiff's claims against them with prejudice, and for all other relief to which they may be justly or equitably entitled.

Date: April 9, 2020

Respectfully submitted,

McDOWELL HETHERINGTON LLP

By: /s/ *Jason A. Richardson*
    Jason A. Richardson
    Tex. Bar No. 24056206
1001 Fannin, Suite 2700
Houston, Texas 77002
Telephone: 713-337-8872
Facsimile: 713-337-8862
jason.richardson@mhllp.com
**ATTORNEYS FOR DEFENDANTS NORTHPOINTE, INC.; DAVID WELLS; AND TIMOTHY BRENNAN**

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 9, 2020, I electronically filed the foregoing document with the United States District Court for the Western District of Wisconsin by using the CM/ECF system.

  I further certify that I have mailed the foregoing document by First Class Mail to the following non-CM/ECF participants:

  Titus Henderson #299317
  Green Bay Correctional Institution
  P.O. Box 19033
  Green Bay, WI 54307-9033


            /s/ *Jason A.* Richardson
            Jason A. Richardson