# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **TITUS HENDERSON,** § § | |
| **Plaintiff,** § § | |
| v. § | Case No. 3:18-cv-00555-JDP |
| § | |
| **DEAN STEINSBERG, ET AL.,** § § | |
| **Defendants.** § § § § | |

## DEFENDANTS' JOINT MOTION TO STAY DEADLINES

Defendants Dean Stensberg, Jared Hoy, Steve Landreman, Daniel Gabler, and Colleen Frey, (the "State Defendants"), and Northpointe, Inc., David Wells, and Timothy Brennan (the "Northpointe Defendants,"), by and through the undersigned counsel, hereby move for an order staying the upcoming pre-trial deadlines and trial setting pending rulings on the multiple summary judgment motions on file with the Court. This motion is based on the following:

1. Plaintiff Titus Henderson asserts claims arising under 42 U.S.C. § 1983, alleging that Defendants either directly or indirectly acted under color of state law by participating in a scheme that resulted in a denial of Plaintiff's parole.

2. On September 18, 2019, the Court entered a Pretrial Conference Order (Dkt. # 33) setting various deadlines and events, including the following:

- December 4, 2020: deadline for the parties to submit their Rule 26(a)(3) pre-trial disclosures.

- December 18, 2020: deadline for parties to object to any previously submitted Rule 26(a)(3) pre-trial disclosures.

- December 31, 2020: final telephonic pre-trial conference.
- January 11, 2021: trial setting.

3. Defendants have filed motions for summary judgment, which, if granted, could result in a dismissal of some or all of Plaintiff's claims. In addition, Defendants have filed a motion to strike Plaintiff's experts, which, if granted, would materially impact the duration of trial and the likely evidence that would be presented. These motions, all of which are fully briefed and still pending, are as follows:

| Dkt. # | Date Filed | Motion |
| --- | --- | --- |
| 47 | 4/09/2020 | NorthPointe Defendants' Motion for Summary Judgment |
| 70 | 6/19/2020 | State Defendants' Motion for Summary Judgment |
| 79 | 6/29/2020 | Defendants' Joint Motion to Strike Plaintiff's Expert Witnesses |

4. The scope of evidence necessary for trial as well as the identities of the parties and witnesses that will need to appear at trial cannot be reasonably determined prior to rulings on the pending motions. It is possible that some or all of the claims against certain Defendants will not survive summary judgment. If the current deadlines are not adjusted, it is possible that the parties would engage in unnecessary, time consuming, and expensive trial preparation work that may be rendered moot if the Court grants Defendants' motions.

5. Notably, the State Defendants raised a qualified immunity defense in their Motion for Summary Judgment. The Supreme Court has explained, "Qualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (citation and internal quotation omitted). A party who is entitled to qualified immunity should not be forced to "endure additional burdens of suit . . ." including "costs of litigating constitutional questions . . . when the suit otherwise could be disposed of more readily." *Id.* (citation omitted). Preparing pre-trial filings and preparing for trial will require additional time and resources to be spent.

6. In addition, pursuant to Administrative Order 367 (entered on November 10, 2020), all trials have been continued through January 31, 2021 as a result of the COVID-19 pandemic. Accordingly, the January 11, 2021 trial setting set forth in the scheduling order has been vacated.

7. Defendants thus respectfully request that the December 4, 2020 deadline for the parties to submit their Rule 26(a)(3) pre-trial disclosures, the December 18, 2020 deadline for parties to object to any previously submitted Rule 26(a)(3) pre-trial disclosures, the December 31, 2020 final telephonic pre-trial conference, and the January 11, 2021 trial setting be stayed.

WHEREFORE, Defendants respectfully request that all pre-trial and trial-related deadlines in the current scheduling order (Dkt. # 33) be stayed until the Court rules on Defendants' pending motions.

Dated: November 12, 2020                Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: /s/ *Jason A. Richardson*
    Jason A. Richardson
    Tex. Bar No. 24056206
1001 Fannin, Suite 2700
Houston, Texas 77002
Telephone: 713-337-8872
Facsimile: 713-337-8862
jason.richardson@mhllp.com
**ATTORNEYS FOR DEFENDANTS NORTHPOINTE, INC.; DAVID WELLS; AND TIMOTHY BRENNAN**

**- and -**

Wisconsin Department of Justice

Joshua L. Kaul
Attorney General of Wisconsin

By: /s/ *Rebecca A. Paulson* (w/permission)
Christopher J. McElgunn, Asst. Atty. Gen.
State Bar #1092057
Rebecca A. Paulson, Asst. Atty. Gen.
State Bar #1079833
Post Office Box 7857
Madison, Wisconsin 53707-7857
Telephone: 608-264-6201 (McElgunn)
Telephone: 608-266-0278 (Paulson)
Facsimile: 608-267-8906
mcelgunncj@doj.state.wi.us
paulsonra@doj.state.wi.us
ATTORNEYS FOR DEFENDANTS
DEAN STENSBERG, JARED HOY, STEVEN LANDREMAN, DANIEL GABLER, AND COLLEEN FREY

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2020, I electronically filed the following with the United States District Court for the Western District of Wisconsin by using the CM/ECF system:

- DEFENDANTS' JOINT MOTION TO STAY DEADLINES

I further certify that I have mailed the foregoing document(s) by First Class Mail to the following non-CM/ECF participants:

Titus Henderson #299317
Green Bay Correctional Institution
P.O. Box 19033
Green Bay, WI 54307-9033

/s/ *Jason A. Richardson*
Jason A. Richardson